UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

| | |
|---|---|
| WILLIAM C. WARPUP and LORI J. WARPUP, | Case No. 10-35520-dof<br>Chapter 7 Proceeding<br>Hon. Daniel S. Opperman |
| Debtors. | |

_____/

CARMEN BAKDALEYEH and
MOHAMMAD BAKDALEYEH,

    Plaintiffs,

v.                                                      Adversary Proceeding
                                                    Case No. 11-3041-dof

WILLIAM C. WARPUP and
LORI J. WARPUP,

    Defendants.

_____/

<u>Opinion Regarding Defendant, Lori J. Warpup's, Motion to Dismiss</u>

Defendant Lori Warpup seeks dismissal of the adversary proceeding filed against her by Plaintiffs, Carmen and Mohammad Bakdaleyeh. Defendant claims that Plaintiffs cannot sustain a claim under the Michigan Builder's Trust Fund Act against her as a matter of law. Plaintiffs filed a Response to Defendant's Motion to Dismiss and this Court conducted a hearing on March 7, 2012, and took this matter under advisement. For the reasons stated in this Opinion, the Court grants in part and denies in part the relief requested by Defendant, Lori Warpup.

Facts

Defendants filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court on October 13, 2010. On January 21, 2011, Plaintiffs filed a Complaint seeking relief under 11

1

U.S.C. § 523(a)(2). Plaintiffs' Complaint was amended on February 17, 2011, to include a second count under 11 U.S.C. § 523(a)(4). Plaintiffs subsequently amended their Complaint again on February 24, 2011. Defendants filed an Answer to the Complaint. On April 29, 2011, Defendant, Lori J. Warpup, has sought dismissal of the claims against her.

Plaintiffs' Complaint alleges that they entered into a contract with both Defendants to have a house built at 6932 Cooley Lake Road, White Lake Township, Michigan. Plaintiffs also allege that Defendants drew approximately $67,866.44 for material and labor in connection with the construction of this house. In addition, Plaintiffs allege that they lent both Defendants $26,779.00 for additional construction costs. The house was not completed by either Defendant. Plaintiffs allege that their house has not been fully completed and that they have suffered damages.

While both Defendants deny the averments against them, Defendant, Lori Warpup, specifically denies that she had any involvement in the construction business owned by her husband. From the pleadings filed with the Court, the contract signed by Plaintiffs was with Warpup Custom Homes, Bill Warpup Licensed Builder. Defendant, Lori Warpup, did not sign this agreement. Moreover, all of the draws made by Warpup Custom Homes were signed by Mr. Warpup and not Lori Warpup. Lori Warpup specifically states that she is not a licensed builder and did not provide any services in regard to the construction of Plaintiffs' house. Plaintiffs respond to Defendant's Motion to Dismiss by producing evidence that Lori Warpup was a signatory to the account in which monies earned by Warpup Custom Homes was deposited and that she did sign four checks totaling $1,038.98. Plaintiffs also assert that monies coming from this account were used to pay general household expenses of both Defendants and that by extension Lori Warpup received benefits from this account. Moreover, Plaintiffs supply the affidavit of Plaintiff, Carmen Bakdaleyeh, which

recites that she understood that Warpup Custom Homes was a family business and that Lori Warpup participated in meetings regarding the construction of the house and visited Plaintiffs' house when it was being constructed. Carmen Bakdaleyeh also states that neither Plaintiff requested Lori Warpup to attend these meetings or visit their house and that Plaintiffs concluded that Lori Warpup was part of this business. Finally, Plaintiffs assert that Warpup Custom Homes did not maintain a separate bank account, but instead monies from the various business enterprises of this sole proprietorship were deposited into a joint personal account.

## Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

## Analysis

Federal Rule of Civil Procedure 12(b), applicable in this adversary proceeding through Fed.R.Bankr.P. 7012, states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted,

A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 351 U.S. 41, 46 (1957). A court is asked "to examine the plaintiff's allegations and determine whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "A court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual

allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon v. Morgan Stanley Distributors*, 420 F.3d 598, 605 (6th Cir. 2005)(*quoting Inge v. Rock. Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)(*citing Turker v. Ohio Dep't of Rehab. & Corr.*, 157 3d 453, 456 (6th Cir. 1998))). If "an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1120, 1138 (6th Cir. 1995). "While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)(*quoting Allard v. Weitzman* (*In re Delorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993)(emphasis in original)). Under "the Federal Rules of Civil Procedure, a plaintiff is required to provide a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 351 U.S. at 47. "'In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Andrews v. State of Ohio*, 104 F.3d at 806 (*quoting In re Delorean Motor Co.*, 991 F.2d at 1240).

More recently, in the case of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), the United States Supreme Court revisited the standards that govern Civil Rule 12(b)(6) dismissal motions. In doing so, the Supreme Court in *Twombly* reaffirmed the "notice pleading" standard of Rule 8(a)(2) but renounced "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 560-61 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The Supreme Court later examined *Twombly* in the case of *Ashcroft v. Iqbal*, 556 U.S. 662,

4

129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). In *Iqbal*, the Supreme Court held that *Twombly* applies to all civil actions and is not limited to antitrust disputes only as was the case in *Twombly*. *Iqbal*, 129 S. Ct. at 1953.

Defendant, Lori Warpup, argues that there is no evidence that she was a contractor or sub-contractor engaged in the building construction industry. This is one of the elements of a claim under the MBTFA. *People v. Brown*, 239 Mich. App. 735, 740-41, 610 N.W.2d 234 (2000); *Elmer's Crane & Dozer v. AWM Corp.*, 2006 WL 1716775 (Mich. Ct. App. June 22, 2006). Moreover, as argued by Defendant, an individual must agree to perform or oversee certain building activities in exchange for money. *Patel v. Shamrock Floorcovering Services, Inc. (In re Patel)*, 565 F.3d 963 (6th Cir. 2009).

Here, a closer examination of the Amended Complaint in this case shows that Plaintiffs have made two allegations against Lori Warpup. The first is that as a contractor she violated the MBTFA and, therefore, is responsible for damages because of that violation. With this record, the Court concludes that Plaintiffs' allegations as to the MBTFA must fail because Lori Warpup did not hold the requisite position or conduct herself in a manner to be considered a contractor or sub-contractor under the MBTFA. Count II alleging an 11 U.S.C. § 523(a)(4) action against Lori Warpup is therefore dismissed.

Plaintiffs' remaining count against Lori Warpup is based upon 11 U.S.C. § 523(a)(2)(A). While this Count both incorporates other allegations claimed that Lori Warpup was a contractor under the MBTFA or makes certain allegations within that count, there are sufficient allegations in Count I to prohibit dismissal of this count. In particular, the affidavit of Carmen Bakdaleyeh sets forth sufficient evidence that Lori Warpup made certain statements to Plaintiffs. Moreover,

5

Plaintiffs relied upon those statements and gave both Defendants money. Finally, there is sufficient claims in this case that Lori Warpup either directly benefitted in the form of the checks written by her or, by possible extension, various checks that were written from the account that paid for certain expenses that would be to Lori Warpup's benefit. For purposes of a motion to dismiss or, by extension, a motion for summary judgment, the Court finds that Plaintiffs have sufficiently stated a claim upon which relief can be granted, thus necessitating the denial of Defendant's Motion to Dismiss as to Count I.

For the reasons stated in this Opinion, the Court grants Defendant's Motion to Dismiss as to Count II of Plaintiffs' Amended Complaint, but denies the remaining relief requested by Defendant, Lori Warpup, in her Motion to Dismiss.

Counsel for Plaintiffs is requested to prepare an Order consistent with this Opinion and obtain approval of Defendants' counsel or comply with the notice of presentment rules of this Court.

cc: John Monnich

**Signed on June 13, 2012**

                                         **/s/ Daniel S. Opperman**
                                         **Daniel S. Opperman**
                                         **United States Bankruptcy Judge**