UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    WILLIAM C. WARPUP                          Case No. 10-35520-dof
    and LORI J. WARPUP,                       Chapter 7 Proceeding
                                                        Hon. Daniel S. Opperman

          Debtors.
_____/
CARMEN BAKDALEYEH and
MOHAMMAD BAKDALEYEH,

          Plaintiffs,

v.                                                       Adversary Proceeding
                                                        Case No. 11-3041-dof
WILLIAM C. WARPUP and
LORI J. WARPUP,

          Defendants.
_____/

<u>Opinion Regarding Defendants' Motion to Exclude Evidence,
Strike Untimely Disclosures and for Sanctions</u>

Defendants, William and Lori Warpup, request this Court to exclude certain evidence of Plaintiffs, strike their untimely disclosures, and for other sanctions in regard to documents of Plaintiffs. Plaintiffs object to the relief requested by Defendants and request that this Court deny Defendants' Motion. The Court heard oral argument regarding Defendants' Motion on March 7, 2012, and took this matter under advisement. For the reasons stated in this Opinion, the Court denies Defendants' Motion and sets a deadline to complete discovery.

Facts

Plaintiffs filed their Complaint in this adversary proceeding on January 21, 2011, seeking the exception of discharge of a debt allegedly owed to them by Defendants. Plaintiffs amended their

1

Complaint on February 17, 2011. Plaintiffs subsequently amended their Complaint again on February 24, 2011. Defendants answered Plaintiffs' Complaint on April 29, 2011, and one Defendant, Lori Warpup, has sought dismissal of the claims against her as early as March 29, 2011, and on other occasions since that date.

On May 26, 2011, the parties filed their Rule 26(f) Conference Report with this Court. Per this Report, initial disclosures required under Rule 26(a)(1) were to be provided by June 15, 2011, with the reports from retained experts on June 30, 2011. Discovery was to be completed by July 31, 2011. Plaintiffs filed their initial disclosures on July 29, 2011, 44 days past due and 2 days before the close of discovery. Moreover, in their initial disclosures, Plaintiffs claim damages of $157,445.00 which was the amount estimated to complete the construction of their house.

Defendants filed and served their first set of interrogatories, request for admissions, and request for production of documents on June 30, 2011. The deadline to respond to these discovery requests was August 1, 2011, but Plaintiffs only provided answers to interrogatories on August 8, 2011, and have not provided all of the requested documents.

At oral argument, Plaintiffs' counsel claimed that he was not aware that this hearing was set for March 7, 2012, despite the notices sent to him and the notice published on the Court's website. On March 7, 2012, Plaintiffs' counsel claimed that the instant adversary proceeding was only in regard to monies allegedly improperly received by Defendants from Plaintiffs and did not include any damages in connection with the completion or repair of Plaintiffs' house. Plaintiffs' counsel also offered to produce all documents that Plaintiffs would rely upon immediately, but also noted that since the parties had been in state court litigation since December, 2008, these documents should have been available to Defendants.

<u>Statement of Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(a)(2)(J) (objections to discharge).

<u>Applicable Authorities</u>

Federal Rule of Bankruptcy Procedure 7037(c)(1)(A), (B), and (C) state:

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Federal Rule of Bankruptcy Procedure 7037(b)(2) states:

(b) Failure to Comply with a Court Order.

. . .

(2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent — or a witness designated under Rule 30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Analysis

Unlike some courts, Federal Courts dictate that the parties initially disclose information on a voluntary basis so as to allow counsel for those parties to more carefully craft discovery requests and conduct depositions. In particular contrast, discovery is not allowed in this Court until the initial conference is held between or among counsel. To alleviate some of the harshness of this rule, the Court encourages the parties to meet and agree upon a discovery plan and, with few exceptions, will not second guess the counsel's timetable to conduct discovery. At first blush, this is exactly what happened in this case in that counsel met, prepared a report, and filed it with the Court. What did not happen, however, was the timely disclosure of information by Plaintiffs. Defendants argue that the conduct of Plaintiffs is so egregious that an extreme remedy of either excluding evidence or striking untimely disclosures should be imposed. The net effect of this remedy would undoubtedly lead to the dismissal of this adversary proceeding against Defendants.

4

While the Court finds that Plaintiffs were dilatory in their responses to Defendants' discovery requests and were late in regard to their initial disclosures, the requested remedy is too harsh in this case. First, Federal Rule of Civil Procedure 37(b)(2)(A) requires that this Court "may issue further just orders." Subsection (i) - (vii) makes certain suggestions as to the appropriate remedy.

In analyzing this case, the Court declines to, at this time, enter an order for the relief requested by Defendants. The Court does so for a number of reasons. First, the Court is well aware of the cases cited by Defendants, most notably *Shapiro v. Plante & Moran, LLP (In re Connolly N. Am., LLC)*, 376 B.R. 161, 181 (Bankr. E.D. Mich. 2007), and finds that the instant case is much different than the facts in *Connolly*. Here, the parties have engaged in litigation for many years. In this case, the facts in the scope of inquiry should be relatively limited. *Connolly*, on the other hand, was a much more expansive and complex case, and the evidence before the Court shows a much more malignant intent on behalf of the effected parties.

Second, this Court is mindful that in crafting sanctions for discovery issues, the Court should not immediately go to more drastic and harsh remedies, unless it appears those remedies are necessary. *Beattie v. CenturyTel.,* Inc., 2009 WL 50666676, at *5 (E.D.Mich. Dec. 16, 2009) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). In this case, the parties may be closer to trial than they think. Some of the time spent in this case has been to explore the actual nature of the claims against one of the Defendants, Lori Warpup, that the Court has recently addressed. Moreover, the statements made by Plaintiffs' counsel that claims for corrections or remedies to Plaintiffs' house as not being part of this action, clearly make this case narrower in scope and, therefore, closer for trial. Stated somewhat differently, the Court understands Defendants' counsel's concern when reports were given to him involving the opinions of experts regarding the expenses

5

necessary to remedy the alleged deficiencies in Plaintiffs' house. After this issue was cleared and concluded at the March 7, 2012, hearing, the Court is left with a relatively straightforward case of whether one Defendant, William Warpup, violated the Michigan Builder's Trust Fund Act and whether both Defendants made certain statements pursuant to 11 U.S.C. § 523(a)(2)(A) that would preclude dischargeability of the amount of money paid to them by Plaintiffs. Per Plaintiffs' Complaint, these amounts are limited to the $67,866.44 paid to Defendants on a construction loan draw and an additional $26,779.00 lent by Plaintiffs to Defendants.

Finally, this Court is directed to, when possible, actually litigate the well-pleaded claims and defenses of the parties *See Bell Atlantic Corp. v.* Twombly, 550 U.S. 544, 553-55, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). Here, the Court believes that after years of litigation between these parties, all parties deserve a judicial determination sooner, as opposed to later.

Accordingly, the Court denies the specific relief requested by Defendants.

Instead, Plaintiffs shall produce copies of all documents that Plaintiffs intend to utilize to prepare for trial and all documents that they intend to introduce as exhibits at trial. Plaintiffs shall also respond to all outstanding discovery requests. Plaintiffs shall have 14 days from today's date to fulfill the duties imposed upon them by the Court.

Thereafter, Defendants shall have up to 42 days to complete any and all discovery on the remaining issues in this case. For sake of clarity, Plaintiffs shall not be entitled to request any damages in connection with the costs to repair or remedy Plaintiffs' house, but instead shall only be allowed to recover the amount of monies given to Defendants either directly by Plaintiffs or indirectly through the construction loan draws as alleged in Plaintiffs' Complaint.

Counsel for Plaintiffs is requested to prepare an Order consistent with this Opinion and obtain approval of Defendants' counsel or comply with the notice of presentment rules of this Court.

cc:  John Monnich

**Signed on June 13, 2012**

                                                   **/s/ Daniel S. Opperman**
                                                   **Daniel S. Opperman**
                                                   **United States Bankruptcy Judge**